UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DONALD BECKWITH, GWEN C.T. BECKWITH,

        Plaintiffs,

v.

GUARDIAN MANAGEMENT, LLC, et al.,

        Defendants.

Case No. 3:16-cv-0258-MO

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

SIMON, Judge:

Plaintiffs, appearing *pro se*, allege violations of the Fair Housing Act, the Rehabilitation Act, and the Due Process Clause of the Fourteenth Amendment. They seek a temporary restraining order to stay their eviction from 8940 N. Newman Avenue. For the following reasons, I deny plaintiffs' Motion for Temporary Restraining Order.

## DISCUSSION

On the morning of their deadline to move out, plaintiffs filed this lawsuit and Motion for Temporary Restraining Order. Plaintiffs allege defendants initiated an eviction proceeding in

Page 1 - ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

Multnomah County Circuit Court, which proceeded to trial on November 19, 2012, and that they unsuccessfully requested discovery several times in advance of the trial. They then appealed the decision, but the Oregon Court of Appeals denied their request to accept an audio CD rather than a written transcript. Finally, they contend defendants violated the lease provisions and denied reasonable accommodations to plaintiff Gwen Beckwith.

The documents attached to plaintiffs' complaint include: (1) a Notice of Restitution from Multnomah County Circuit Court, in which plaintiffs have been ordered to move out of the property by 11:59 p.m. today; (2) an Order Denying Review from the Oregon Supreme Court, dated December 24, 2015; (3) the Oregon Court of Appeals Appellate Judgment and Supplemental Judgment, ordering costs to defendant Guardian Management, LLC in the amount of $38,489.95, dated January 26, 2016; (4) a letter from plaintiff Gwen Beckwith's physician regarding her need for a companion dog; and (5) a letter to plaintiff Donald Beckwith enclosing his February 2016 rent payment.

In order to show that a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief, a plaintiff must show, among other things, either that he or she is likely to succeed on the merits, *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008), or, alternatively, that there are serious questions going to the merits, *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-31 (9th Cir. 2011). Based on the record herein, plaintiffs have failed to make either showing.

In this case, it appears plaintiffs' claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction where a party seeks reversal of a state court judgment. As explained by the Ninth Circuit, "It is a forbidden de

facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163-64 (9th Cir. 2003). A federal district court lacks subject matter jurisdiction to hear such a matter. *Id.*

Plaintiffs complain they were deprived of necessary discovery during the FED proceeding and they challenge the process provided them by the Oregon Court of Appeals during the subsequent appeal. A federal district court has no jurisdiction to resolve these allegations, which represent the classic "de facto appeal." *See Allah v. Superior Court of the State of Cal.*, 871 F.2d 887, 891 (9th Cir. 1989) ("To the extent that Allah requested the district court to conduct a direct review of the state court's judgment and to scrutinize the state court's application of various rules and procedures pertaining to his case, the district court lacked subject matter jurisdiction over his complaint."). The Ninth Circuit has underscored the fact that *Rooker-Feldman* "applies even when the challenge to the state court decision involves federal constitutional issues," such as due process rights. *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986). Furthermore, the Supreme Court has warned that "a petitioner's failure to raise his constitutional claims in state court does not mean that a United States district court should have jurisdiction over the claims." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983).

Exceptions to the *Rooker-Feldman* doctrine include "where the complaining party did not have a full and fair opportunity to litigate a claim in state court or where the state court demonstrated inability or unwillingness to protect federal rights." *Robinson v. Ariyoshi*, 753 F.2d 1468, 1472 (9th Cir. 1985) (vacated on other grounds by *Robinson v. Ariyoshi*, 887 F.2d 215 (9th

Page 3 - ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

Cir. 1989)). This exception is applicable only when a state court "had explicitly refused to hear federal constitutional claims[.]" *Partington v. Gedan*, 961 F.2d 852, 865 (9th Cir. 1992). Additionally, *Rooker-Feldman* does not apply if a state court was jurisdictionally barred from considering the federal claims, or decided the case on procedural grounds alone. *Mullins v. Oregon*, 57 F.3d 789, 792-93 (9th Cir. 1995) (juvenile court had no jurisdiction to consider constitutional claims); *Whiteford v. Reed*, 155 F.3d 671, 674 (1998) (no adjudication in state court because plaintiffs lacked standing). Finally, *Rooker-Feldman* does not apply when the case is based "in whole or in part, on alleged extrinsic fraud" preventing plaintiff from presenting his claim in court. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). None of these exceptions appear to apply.

In short, plaintiffs cannot repackage their claims to obtain a de facto appeal of the state court judgment here in federal court. In our system of federalism, the federal court must respect the state courts' application and enforcement of the law.

Based on the foregoing, this court declines to enter a temporary restraining order.

## CONCLUSION

Plaintiffs' Motion for a Temporary Restraining Order is denied.


IT IS SO ORDERED.

DATED this __12th__ day of February, 2016.


            /s/ Michael H. Simon
            Michael H. Simon
            United States District Judge